# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00254-MOC-DSC

| | |
|---|---|
| CELGARD, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SK INNOVATION CO., LTD., | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. "Defendant's Motion to Dismiss … or, in the Alternative, to Transfer" (document #18);

2. "Defendant's Amended Motion to Dismiss … or, in the Alternative, to Transfer" (document #27)

3. "Plaintiff's … Alternative Motion for Jurisdictional Discovery" (document #42); and

4. "Plaintiff's … Motion for Leave to File Surreply …" (document #54); as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, "Plaintiff's … Motion for Leave to File Surreply …" (document #54) is <u>denied</u> in the Court's discretion. The undersigned will <u>grant</u> "Plaintiff's … Alternative Motion for Jurisdictional Discovery" (document #42), and respectfully recommend that Defendant's Motion to Dismiss be

denied as moot, and that its Amended Motion to Dismiss be denied without prejudice, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a patent infringement action. Plaintiff Celgard LLC ("Celgard") alleges that Defendant SK Innovation Company, Ltd. ("SKI") has induced infringement of its patented separator for lithium ion batteries (United States Patent No. 6,432,586 ("586 patent")). Accepting the factual allegations of the Amended Complaint as true, Celgard maintains its headquarters as well as a major manufacturing plant in Charlotte. Plaintiff is a developer, manufacturer, and seller of battery separators for lithium ion batteries. These batteries are a component in electronic products, including electric vehicles and laptop computers.

Defendant SKI is a Korean corporation that competes with Celgard worldwide in the battery separator market.

Celgard asserts that it is in competition with SKI to be the primary supplier of battery separators to Saft America, Inc. ("Saft"). Saft manufactures lithium ion batteries in the United States. Saft has offices and production facilities in Valdese, North Carolina, within the Western District of North Carolina. Saft's global purchasing director for battery separators works in its Valdese office. This employee is responsible for Saft's supply of separators used in the production of lithium ion batteries. Celgard "infers and believes" that SKI has made offers to sell its accused products to Saft here in the forum state. SKI denies making sales here.

Celgard also contends that SKI manufactures and sells separator materials that are incorporated into lithium ion batteries and sold in consumer electronics products and electric vehicles in North Carolina.

Defendant contends that it lacks any "continuous and systematic" contacts with North Carolina that confer general jurisdiction, discussed <u>infra</u>. Defendant denies conducting any activity related to the accused products in North Carolina or purposefully directing any of its relevant activities here. Defendant concedes that it is subject to personal jurisdiction in the Southern District of New York.

On February 22, 2013, Plaintiff filed its Complaint alleging that Defendant induced infringement of the subject patent under 35 U.S.C. § 271(b).

On August 20, 2013, Defendant filed its "Amended Motion to Dismiss … or, in the Alternative, to Transfer [to the Southern District of New York]."

In its Alternative Motion for Jurisdictional Discovery, Plaintiff requests an opportunity to conduct jurisdictional discovery related to:

> (1) SKI's sales, imports, and offers for sale into the Western District of North Carolina, the State of North Carolina, and the U.S. of its Accused Lithium Ion Battery Separators, including through established distribution channels; (2) SKI's contacts with North Carolina; (3) SKI's marketing efforts, including attendance at national trade shows held annually in the U.S., related to its Accused Lithium Ion Battery Separators and incorporating these Battery Separators into established channels of commerce to customers in the Western District of North Carolina, the State of North Carolina, and the U.S.; (4) SKI's U.S. marketing officer physically residing in the United States from 2005 through February 2013 and tasked with marketing, offering to sell, and selling in the Western District of North Carolina, the State of North Carolina, and the U.S. SKI's Accused Lithium Ion Battery Separators and Lithium Ion Batteries; (5) SKI's distribution and marketing of the Accused Lithium Ion Battery Separators through its U.S. and non-U.S. subsidiaries, including through SK Innovation Americas located in Troy, Michigan; (6) SKI's sale of the Battery including the Accused Lithium Ion Battery Separator to a California company for $30,000; (7) SKI's negotiations with the global purchasing director of Saft America, Inc., who communicates with and purchases from SKI the Accused Lithium Ion Battery Separator and does so from Saft America, Inc.'s offices located in the Western District of North Carolina; (8) SKI's manufacture and sale of polymer base film materials that are incorporated into infringing lithium ion battery separators for consumer electronics products sold in the Western District of North Carolina, the State of North Carolina, and the U.S.; (9) Tesla Motors, Inc.'s purchase and testing of electric vehicle batteries incorporating SKI's Accused Lithium Ion Battery

> Separators, and Tesla's sales or offers for sale of electric vehicles in the Western District of North Carolina, the State of North Carolina, and the U.S.; (10) Kia Motors America, Inc.'s use, sale, and offer for sale in the U.S. of electric drive vehicles incorporating SKI's Accused Lithium Ion Battery Separators; (11) SKI's overall revenues from sales of all products into the Western District of North Carolina, the State of North Carolina, and the U.S.; and (12) SKI's payment of taxes to the U.S. Internal Revenue Service or revenue service of any state or county in the U.S.; (13) SKI's joint venture with Continental, announced while SKI representatives were in the U.S. in January 2012, to make lithium-ion batteries for electric vehicles, some of which will be sold or imported into the U.S.

Document #42 at 6-9. The parties' Motions have been fully briefed and are ripe for determination.

## II. DISCUSSION

Federal Circuit law governs personal jurisdiction in patent cases. IMO Indus., Inc. v. SEIM S.R.L., 305-CV-420-MU, 2007 WL 1651838, at *1 (W.D.N.C. June 4, 2007) (noting that Federal Circuit law applies in determining personal jurisdiction in patent cases). Plaintiff has the burden of proving personal jurisdiction here. Thomas v. Centennial Commc'ns Corp., 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. Dec. 20, 2006).

Plaintiff must show that the exercise of personal jurisdiction over the Defendant complies with the forum state's long-arm statute and the constitutional requirements of due process. Grober v. Mako Products, Inc., 686 F.3d 1335, 1345 (Fed. Cir. 2012), reh'g denied (Sept. 14, 2012). Since North Carolina's long-arm statute extends jurisdiction to the outer boundaries of due process, the jurisdiction analysis merges into a single due process inquiry. Thomas, 2006 WL 6151153, at *2.

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310,

316 (1945). Minimum contacts can be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant if the defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action that arises out of the defendant's activities in the forum state. In analyzing specific jurisdiction over a defendant, the Federal Circuit considers whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Grober, 686 F.3d at 1346 (citing Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003)). Plaintiff has the burden of making a prima facie showing of specific jurisdiction by satisfying the first two elements. The burden then shifts to defendant to show that such assertion of personal jurisdiction is not reasonable and fair. Id.

A prima facie case of personal jurisdiction over an alien defendant is made by meeting a "stream of commerce" standard. IMO Industries, Inc., 2007 WL 1651838, at *1 (citing Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)). This standard requires that (1) the alien defendant placed the accused product into the stream of commerce, (2) the alien defendant knew or should have known the likely destination of the product, and (3) the alien defendant's conduct and connections with the forum state are such that it may reasonably foresee being haled into court within that forum. Id.

The test for reasonableness is a "multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving controversies flowing from in-state events." Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424, 429 (Fed. Cir. 1996). The Federal Circuit considers five factors in determining whether jurisdiction would be reasonable: "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." Id.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone. See e.g., Patent Rights Protection Group, LLC v. Video Gaming Technologies, Inc., 603 F.3d 1364, 1372 (Fed. Cir. 2010) (district court abused its discretion in denying plaintiff jurisdictional discovery); Nuance Communications, Inc. v. Abby Software House, 626 F.3d 1222, 1236 (Fed. Cir. 2010) (district court abused its discretion in denying plaintiff jurisdictional discovery); SAS Institute Inc. v. World Programming Ltd., 2011 WL 1059139, *5-*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting request for jurisdictional discovery typically should be granted "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987));

Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying these legal principles, the undersigned concludes that Plaintiff is entitled to conduct limited jurisdictional discovery as outlined above. The jurisdictional facts are disputed here, but should be easily clarified through limited discovery. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied without prejudice</u> to its right to renew the Motion following completion of jurisdictional discovery.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's … Motion for Leave to File Surreply …" (document #54) is **DENIED**.

2. "Plaintiff's … Alternative Motion for Jurisdictional Discovery" (document #42); "is **GRANTED**. The parties shall conducted limited jurisdictional discussion with a deadline of December 31, 2013.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Defendant's Motion to Dismiss … or, in the Alternative, to Transfer" (document #18) be **DENIED AS MOOT**.

2. "Defendant's Amended Motion to Dismiss … or, in the Alternative, to Transfer" (document #27) be **DENIED WITHOUT PREJUDICE** to Defendant's right to renew the Motion following jurisdictional discovery.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 16, 2013

David S. Cayer
United States Magistrate Judge