UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00254-MOC-DSC

| | | |
|---|---|---|
| CELGARD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SK INNOVATION CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Defendant has filed objections to which plaintiff has filed a response.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Defendant interposes two objections: first, that the jurisdiction record is clear and does not warrant jurisdictional discovery; and second, to the extent jurisdictional discovery is warranted, the scope of jurisdiction is too broad. Finding no merit to either assignment of error, the objections will be overruled.

Rule 12(b)(2), Federal Rules of Civil Procedure, provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Combs, 886 F.2d at 676.

Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id.

Based on defendant's Motion to Dismiss, jurisdictional discovery is clearly warranted. Each category of discovery is warranted as defendant contends that it lacks any "continuous and systematic" contacts with North Carolina that confer general jurisdiction over it in this district. Further, defendant denies conducting any activity related to the accused products in North Carolina or purposefully directing any of its relevant activities here, while conceding that it is subject to personal jurisdiction in the Southern District of New York. As is readily apparent, each category of jurisdictional discovery clearly relates to defendant's contention that it lacks continuous and systematic contacts with this district:

> (1) SKI's sales, imports, and offers for sale into the Western District of North Carolina, the State of North Carolina, and the U.S. of its Accused Lithium Ion Battery Separators, including through established distribution channels;
> (2) SKI's contacts with North Carolina;
> (3) SKI's marketing efforts, including attendance at national trade shows held annually in the U.S., related to its Accused Lithium Ion Battery Separators and incorporating these Battery Separators into established channels of commerce to customers in the Western District of North Carolina, the State of North Carolina, and the U.S.;
> (4) SKI's U.S. marketing officer physically residing in the United States from 2005 through February 2013 and tasked with marketing, offering to sell, and selling in the Western District of North Carolina, the State of North Carolina, and the U.S. SKI's Accused Lithium Ion Battery Separators and Lithium Ion Batteries;
> (5) SKI's distribution and marketing of the Accused Lithium Ion Battery Separators through its U.S. and non-U.S. subsidiaries, including through SK Innovation Americas located in Troy, Michigan;
> (6) SKI's sale of the Battery including the Accused Lithium Ion Battery

3

Separator to a California company for $30,000;
(7) SKI's negotiations with the global purchasing director of Saft America, Inc., who communicates with and purchases from SKI the Accused Lithium Ion Battery Separator and does so from Saft America, Inc.'s offices located in the Western District of North Carolina;
(8) SKI's manufacture and sale of polymer base film materials that are incorporated into infringing lithium ion battery separators for consumer electronics products sold in the Western District of North Carolina, the State of North Carolina, and the U.S.;
(9) Tesla Motors, Inc.'s purchase and testing of electric vehicle batteries incorporating SKI's Accused Lithium Ion Battery Separators, and Tesla's sales or offers for sale of electric vehicles in the Western District of North Carolina, the State of North Carolina, and the U.S.;
(10) Kia Motors America, Inc.'s use, sale, and offer for sale in the U.S. of electric drive vehicles incorporating SKI's Accused Lithium Ion Battery Separators;
(11) SKI's overall revenues from sales of all products into the Western District ofNorth Carolina, the State of North Carolina, and the U.S.;
(12) SKI's payment of taxes to the U.S. Internal Revenue Service or revenue service of any state or county in the U.S.; and
(13) SKI's joint venture with Continental, announced while SKI representatives were in the U.S. in January 2012, to make lithium-ion batteries for electric vehicles, some of which will be sold or imported into the U.S.

The fact that some of the discovery concerns contacts outside of North Carolina is of little consequence as this court will be applying a stream of commerce standard in determining whether to assert personal jurisdiction over an alien defendant. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)). Thus, what products defendant placed upstream and its knowledge concerning the final destination of such products downstream are all relevant to the court's review.

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings.

Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#62) is **AFFIRMED,** and defendant's "Motion to Dismiss or Transfer Venue (#18) is **DENIED WITHOUT PREJUDICE** as to filing a new motion following jurisdictional discovery.

Signed: November 26, 2013

Max O. Cogburn Jr.
United States District Judge