UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00254-MOC-DSC

| | | |
|---|---|---|
| **CELGARD, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SK INNOVATION CO., LTD.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's "Discovery Proposal Further to the Court's Order Granting In Part Ski's Motion for Show Cause Order and for Further Appropriate Relief" (#183). The court has also has considered plaintiff's Response (#202) and defendant's Reply (#211).

Based on those pleadings, it appears that plaintiff opposes the damage-control discovery sought by defendant by asserting the attorney-client and work-product privileges concerning many of the core inquiries. This is a remarkable argument inasmuch as plaintiff had clearly left this court with the impression that it used the services of South Korea's premier law firm of *Kim & Chang* for purely administrative support in this case for translation of documents. While tacitly admitting that the documents protected by this court's Protective Order ended up in the hands of Korean attorneys who may be involved in litigation against defendant, plaintiff has failed to carry its burden of showing how the proposed damage-control discovery breaches the attorney-client and work-product privileges. N. Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 515 (M.D.N.C. 1986). Even if the court were to assume that such privilege attached outside the borders of the United States to attorneys who have not

1

submitted to the jurisdiction of this court, plaintiff does not discuss (and may have not yet considered) how the crime-fraud exception to those privileges may apply to disclosure to *Kim & Chang* , depending on what was revealed. If these documents ended up in the hands or on the computers of *Kim & Chang's* attorneys, and those documents contained protected trade secrets, this becomes a far more serious matter than just a violation of this court's protective order.

Plaintiff, defendant, and the court are at a crossroads. While this court is very certain that local counsel did not send documents to *Kim & Chang* with the intent that anyone outside the translation services department of such firm handle those documents, Celgard's response suggests that attorneys who may be involved in other Korean litigation with defendant did in fact review those documents. Thus, damage control will begin with the discovery proposed by defendant and the court will consider awarding defendant its expenses at the conclusion of trial. Of course, the parties may well be able to factor such fumble into a reasonable resolution of this action in the interim.

Finally, plaintiff appears to make a motion within its Response for reconsideration of its previous Order granting in part defendant's Motion for Show Cause Order. (In accordance with Local Civil Rule 7.1, motions cannot be properly asserted in a Response.) Plaintiff's proposal that the court simply deny defendant's motion with leave to refile the motion if it appears that *Kim & Chang* makes actual use of its confidential information in Korean proceedings defies logic. By the time Kim & Chang would make use of such information, the harm will be irreversible; *Kim & Chang* is beyond the reach of this court; plaintiff's proposal would render the Protective Order meaningless; and it would shift the burden to defendant to uncover use that may well be more subtle than introducing documents marked "SK Innovation –Highly Confidential." This the court will not do.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's "Discovery Proposal Further to the Court's Order Granting In Part Ski's Motion for Show Cause Order and for Further Appropriate Relief" (#183) is adopted in full, and plaintiff shall fully answer, otherwise produce, and make available witnesses for depositions as therein proposed, all within 30 days. The parties may, by agreement, extend such deadline so long as it does not exceed the general discovery deadline.

Signed: July 1, 2014

Max O. Cogburn Jr.
United States District Judge