UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00254-MOC-DSC

| | | |
|---|---|---|
| **CELGARD, LLC,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SK INNOVATION CO., LTD.,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In response to defendant's Amended Motion to Dismiss or Transfer, plaintiff filed a motion for jurisdictional discovery, which the magistrate judge allowed. According to the magistrate judge, this limited discovery was "contentious" and occupies pleadings numbered 73 through 215. M&R at 4. Notably, the magistrate judge concluded that

> Jurisdictional discovery has revealed precious little, if any, contacts between SKI and North Carolina. Contrary to Celgard's earlier assertions, there is no evidence that SKI offered its accused products to Saft. There is no evidence that SKI has solicited any other sales in North Carolina and none of SKI's products have been found here.

M&R (#236) at 4.

After applying the appropriate legal standards provided by the Federal Circuit for evaluating personal jurisdiction in like of the jurisdiction facts, the magistrate judge concluded that

> no basis exists for the exercise of personal jurisdiction over SKI in this forum. There is no dispute that SKI is not subject to general personal jurisdiction. Celgard argues that SKI may be haled into court here pursuant to specific jurisdiction under a stream of commerce theory. Despite being permitted to conduct extensive jurisdictional discovery, Celgard offers no more than it did initially. Even viewing the record entirely in Celgard's favor, there is no indication that SKI has made a sale or even an offer of sale in North Carolina. None of SKI's products have been found in this forum. Even assuming arguendo that an SKI component was found in a product sold in this state, personal jurisdiction would not exist absent some action by SKI directed specifically at North Carolina.

M&R at 7.

Despite plaintiff's 21 pages of Objections to the magistrate judge's nine-page decision (and a five-page Motion for Reconsideration (#240) supported by a seven-page Brief in Support (#241), which the magistrate judge promptly handled), the court fully concurs in the magistrate judge's conclusion that there is no there is no indication that SKI has made a sale or even an offer of sale in North Carolina and that SKI has not directed any of its actions specifically at North Carolina. Further, the court also concurs in the magistrate judge's legal conclusion that SKI is not subject to national jurisdiction under Rule 4(k)(2), Fed.R.Civ.P., as such provision is *only* applicable where the defendant is not subject to jurisdiction in any state's courts of general jurisdiction. Here, SKI consents to be sued in the United States Court for the Southern District of New York, where it has an employee engaged in marketing its products, and the magistrate judge further determined that personal jurisdiction would also exist in California, where SKI provided samples at substantial expense and held meetings with significant corporate buyers. While recommending *dismissal* of this action for lack of personal jurisdiction, the magistrate judge did not address the alternative motion for transfer of venue. The reason for such demurer is obvious: defendant is subject to suit in two different jurisdictions. If the court were to transfer the action to one jurisdiction over the other, it would be selecting the forum, a task which is left to plaintiff to accomplish among those jurisdictions where personal jurisdiction is properly found.

The court has carefully reviewed the M&R alongside the Objections. After such careful review, the court determines that the recommendation is fully consistent with and supported by current law. Further, the factual background and recitation of issues is

supported by the applicable pleadings and the evidence that was presented to the magistrate judge. Finally, the court has read the Objections and determined that those objections simply seek to reargue points and evidence fully and properly considered by the magistrate judge both in the M&R and upon reconsideration.

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular defendant. Federal Circuit law governs personal jurisdiction in patent cases. IMO Indus., Inc. v. SEIM S.R.L., 2007 WL 1651838, at *1 (W.D.N.C. June 4, 2007). Plaintiff has the burden of proving personal jurisdiction. Thomas v. Centennial Commc'ns Corp., 2006 WL 6151153, at *2 (W.D.N.C. Dec. 20, 2006). Plaintiff must show that the exercise of personal jurisdiction over the Defendant complies with the forum state's long-arm statute and the constitutional requirements of due process. Grober v. Mako Products, Inc., 686 F.3d 1335, 1345 (Fed. Cir. 2012), reh'g denied (Sept. 14, 2012). Since North Carolina's long-arm statute extends jurisdiction to the outer boundaries of due process, the jurisdiction analysis merges into a single due process inquiry. Thomas, 2006 WL 6151153, at *2. To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). A court may exercise general jurisdiction over a non-resident defendant if the

defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action that arises out of the defendant's activities in the forum state. In analyzing specific jurisdiction over a defendant, the Federal Circuit considers whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Grober, 686 F.3d at 1346 (citation omitted). Plaintiff has the burden of making a prima facie showing of specific jurisdiction by satisfying the first two elements. The burden then shifts to defendant to show that such assertion of personal jurisdiction is not reasonable and fair. Id. A prima facie case of personal jurisdiction over an alien defendant is made by meeting a "stream of commerce" standard. IMO Industries, Inc., 2007 WL 1651838, at *1 (citing Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)). This standard requires that (1) the alien defendant placed the accused product into the stream of commerce, (2) the alien defendant knew or should have known the likely destination of the product, and (3) the alien defendant's conduct and connections with the forum state are such that it may reasonably foresee being haled into court within that forum. Id.; see also Cree, Inc. v. Bridgelux, Inc., 2007 WL 3010532, at *6 (M.D.N.C. July 5, 2007) (declining to exercise personal jurisdiction over a "component manufacturer [d]efendant . . . on the sole basis that an item is

found [in the forum state] which incorporates [d]efendant's product"); QR Spex, Inc. v. Motorola, Inc., 507 F. Supp. 2d 650, 658 (E.D. Tex. 2007) ("[T]he Court finds that an exercise of personal jurisdiction under the stream-of-commerce theory is only appropriate where the allegedly infringing product reaches the forum."). "A rational belief that a component or product will eventually end up in a particular state—even if that belief amounts to a substantial certainty—does not, by itself, amount to purposeful conduct nor 'manifest an intention to submit to the power of a sovereign.'" Freescale Semiconductor, Inc., 2014 WL 1603665, at *6 (quoting J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2788 (2011)). The test for reasonableness is a "multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving controversies flowing from in-state events." Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424, 429 (Fed. Cir. 1996). The Federal Circuit considers five factors in determining whether jurisdiction would be reasonable: "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." Id.

Despite its earlier contentions made upon information and belief, plaintiff has provided this court with no indication that SKI has ever made a sale or even an offer of sale in North Carolina and none of SKI's products have been found in this forum. Assuming arguendo that plaintiff could point to a SKI component found in a product sold

in this state at some point, personal jurisdiction would not exist absent some action by SKI directed specifically at North Carolina. The fact that some of defendant's batteries may end up as a component in another manufacturer's device is simply not enough, as this court's colleague found in Cree, Inc., supra. Based on such determinations, the court will overrule the objections, fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Objections (#246) are **OVERRULED**, the Memorandum and Recommendation (#236) is **AFFIRMED,** the Amended Motion to Dismiss (#156) is **GRANTED**, and this action is dismissed without prejudice as to refiling in a jurisdiction where personal jurisdiction of this defendant is found.

As a matter of housekeeping, all other motions are denied without prejudice as moot, with the exception of the Motion to Seal (#238) various memoranda as such contain proprietary business information of little public interest. The court will not seal this Order as the discussion of defendant's contacts with the forum state, as well as its contacts with corporations in other jurisdictions, has avoided specifics to preserve such business secrets while providing the public with access to the court's reasoning for dismissal of this action, which is of some public interest.

Signed: August 29, 2014

Max O. Cogburn Jr.